

# In the Missouri Court of Appeals
# Eastern District

## NORTHERN DIVISION

| | | |
|---|---|---|
| FABIUS VILLAGE MOBILE HOME PARK, L.L.C., | ) | No. ED111690 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Marion County |
| v. | ) | Cause No. 20MM-CV00121 |
| | ) | |
| WYATT LAND HOLDINGS, L.L.C., | ) | Honorable Rachel L. Bringer Sheperd |
| | ) | |
| Appellant. | ) | Filed: May 14, 2024 |

Fabius Village Mobile Home Park, L.L.C. ("FVMH") owned Fabius Village Mobile Home Park ("the Property"). Dennis Mark and Kathy Martin were the only members of FVMH. In late 2018, FVMH listed the Property for sale.

Scott Kramer, ostensibly the owner of Missouri Parks, LLC ("Missouri Parks"), contacted FVMH with an offer to purchase the Property. On November 8, 2018, Missouri Parks entered into a sales contract to purchase the Property. Kramer signed the contract.

There were two amendments to the contract. On November 13, 2018, the sale was changed from a contract for deed to a general warranty deed with seller financing. On February 21, 2019, the contract was amended to change the purchaser from Missouri Parks to Missouri Mobile Home Parks, LLC ("MMHP"). The contract provided that FVMH would partially seller-finance the sale.

While the sale was pending, James Wyatt, a member of Wyatt Land Holdings, LLC ("Wyatt Land") received an email with a summary of financial opportunities from a loan broker. One of the opportunities in the email was the possibility to finance the Property's sale. The advertisement suggested that the loan would be secured by a first priority lien on the Property. After reviewing the Property's appraisal, Wyatt chose to partially finance the Property's sale to MMHP.

To facilitate Wyatt Land's partial financing of the sale to MMHP, the parties executed a secured note issued on February 25, 2019. The note obligated MMHP to pay $239,000 to The James and Donna Wyatt Revocable Trust. The note was secured by a deed of trust for the benefit of The James and Donna Wyatt Revocable Trust. Kramer signed an additional promissory note as a member of Missouri Parks in favor of Dennis and Kathy Martin for $389,803.19.

Eventually, Kramer defaulted on his loan obligations. Wyatt initiated a foreclosure sale, and Wyatt Land was the successful bidder at the sale. FVMH filed this suit seeking to quiet title of the Property and a declaration that it had a vendor purchase money lien, that took priority over Wyatt Land's lien.

The circuit court entered a judgment declaring Wyatt Land owned the Property subject to a first priority lien of FVMH. The circuit court also reformed the promissory note and deed of trust signed by Kramer. Wyatt Land appeals.

## Analysis

### Against the Weight of the Evidence Challenge

Wyatt Land claims the circuit court's judgment, finding FVMH holds a first-priority lien on the Property, was against the weight of the evidence presented at trial. Wyatt Land argues that it did not have notice of FVMH's vendor's lien, which was not recorded until after Wyatt Land's

2

deed of trust. As a result, Wyatt Land argues that the weight of the evidence shows it was a bona fide purchase-money lender that recorded its deed of trust first and should have been given priority under § 442.390, RSMo 2016.[1]

"When reviewing a court-tried case, this Court 'will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.'" *Robinson v. Langenbach*, 599 S.W.3d 167, 180 (Mo. banc 2020) (quoting *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014)). "Appellate courts act with caution in exercising the power to set aside a decree or judgment on the ground that it is against the weight of the evidence." *Ivie,* 439 S.W.3d at 205. Claiming a "judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment." *Id*. An against the weight of the evidence challenge tests the persuasiveness of the evidence. *Id*. at 206. "When reviewing the record in an against-the-weight-of-the-evidence challenge, this Court defers to the circuit court's findings of fact when the factual issues are contested and when the facts as found by the circuit court depend on credibility determinations." *Id*. "The against-the-weight-of-the-evidence standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellate court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong." *Id.*

In Missouri, "a vendor of real estate is entitled to an equitable lien on land for any balance of the purchase price remaining unpaid to him at the time of conveyance." *Rader v. Dawes*, 651 S.W.2d 629, 631 (Mo. App. 1983). This lien is generally accorded priority over

---

[1] Section 442.390 states, "Every such instrument in writing, certified and recorded in the manner herein prescribed, shall, from time of filing the same with the recorder for record, impart notice to all persons of the contents thereof and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice."

other liens. *Id.* There is, however, an exception to this rule: "If a third party lends funds to a vendee and takes and records a deed of trust as security, without knowledge that the vendor has an unrecorded vendor's lien, the third party lender will be protected and will be accorded priority." *Id.* at 634.

Wyatt Land acknowledges that FVMH had a vendor's lien on the Property, but argues that it fits into the exception to the general rule because Wyatt Land had no knowledge of the FVMH's lien. The evidence at trial, however, showed that Wyatt Land had ample opportunity to discover the existence of FVMH's lien, the nature of the sale, and the second priority status of Wyatt Land's lien.

Specifically, the documentation of the sale noted that FVHM would be seller-financing the transaction. The Property sales contract and the HUD settlement statement both clearly stated the sale was partly seller-financed. These documents were provided to Wyatt Land, which did not read them. Had Wyatt Land reviewed the documents, it would have known the sale was seller-financed. Wyatt Land also would have known that none of the documents contained a subordination clause, which would give it first-priority. Wyatt Land may not rely upon its self-imposed ignorance to claim it had no knowledge of an unrecorded vendor's lien.

There is no evidence in the record that Wyatt Land took any actions to review the details of the transaction. Rather, the evidence suggests that Wyatt land opted to rely on representations in the initial advertisement and from the title company that the loan would receive a first priority lien. To the extent those representations were inaccurate, such inaccuracy cannot be held against FVMH, which was not involved in the solicitation.

Because the circuit court could find from the record that Wyatt Land received the documents prior to its closing and it either failed to review the documents or choose not to act on

them, the judgment was not against the weight of the evidence. *Ivie*, 439 S.W.3d at 206. This point is denied.

*Reformation*

Wyatt Land claims the circuit court erred in reforming the promissory note and deed of trust because there was not clear, cogent, and convincing evidence demonstrating that the promissory note and deed of trust should have been made to FVMH. Wyatt Land also argues that every check remitted pursuant to the promissory note was made payable to Dennis Martin rather than FVMH.

To establish a claim for reformation, FVMH needed to establish clear, cogent, and convincing evidence there was (1) a preexisting agreement between the parties, "(2) a scrivener's mistake in drafting the agreement, and (3) that the mistake was mutual as between the grantors and the grantees." *Ethridge v. TierOne Bank*, 226 S.W.3d 127, 132 (Mo. banc 2007). "Whether there has been a mutual mistake is a question of fact." *Hunter v. Moore*, 486 S.W.3d 919, 926 (Mo. banc 2016).

The circuit court found MMHP made the note, not Missouri Parks, and the holder was FVMH, not Dennis Martin and Kathy Martin. The circuit court noted the title company submitted a scrivener's affidavit explaining its errors. The affidavit was unrefuted and consistent with witness testimony at trial. Accordingly, the circuit court reformed the promissory note and deed of trust because it found FVMH presented clear, cogent, and convincing evidence supporting that reformation.

Wyatt Land argues there was not clear, cogent, and convincing evidence supporting reformation because of "evidence already cited" and the fact that payments had been remitted by check to Dennis Martin rather than FVMH. However, Dennis Martin testified that he specifically

informed Wyatt Land on multiple occasions that payments were to be remitted to FVMH, but Wyatt Land did not comply.

There was clear, cogent, and convincing evidence supporting reformation. The circuit court did not error. This point is denied.

**Conclusion**

The circuit court's judgment is affirmed.

John P. Torbitzky, P.J.

Thomas C. Clark II, C.J., and
Robert M. Clayton III, J., concur.

6